LOUIS, f. m. c. *vs.* CABARRUS ET ALS.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

Proof of the residence of a slave, in a free state, the constitution of which
forbids slavery, during the space of two or three years, unconnected with
any other proof, is insufficient in law, to entitle such slave to his freedom.

The residence of a slave, in a state where slavery is forbidden, contrary to
the will, or without the consent of the owner, does not deprive the latter
of his right to his property.

The consent of the owner of a slave, that he should go and perform work
and labor in a free state, does not of itself free the slave, though this may
be effected, by the slave's going there under this permission.

The plaintiff claims to be a free man, and institutes this
suit against the defendants, who hold him in slavery, to obtain
his freedom; he alleges, that he resided in the state of Ohio,
two or three years, where slavery is prohibited, and is conse-
quently free: He prays judgment, that he may be entitled to
his freedom, and for thirty dollars per month, from the com-
mencement of suit until he shall be set free.

The defendants expressly deny every allegation in the
petition, and aver that the plaintiff was born a slave, of
a slave mother, and that they purchased him as a slave
for life, and paid a valuable consideration for him.

*Mrs. Leverett,* a witness for plaintiff, swears, that she first
saw Louis Richardson, the plaintiff, about twelve or thirteen
years ago, in Cincinnati, in the state of Ohio; that she knew
him to reside there two or three years.

*Mr. Blake,* witness for defendants, states, that in 1833
plaintiff told him he was born a slave; but said he was
entitled to his freedom; that he had worked in Cincinnati,
with his master; that he became free by residing in the state
of Ohio, and at the same time, stated he was taken back to
Kentucky, where his master resided, and continued to serve
him as a slave, until he was brought to Louisiana, and sold to
defendants.

The cause was submitted to a jury, on this testimony.

The counsel of the defendant, moved the court to charge the jury, that proof of a residence of two or three years, in the state of Ohio, unconnected with other proof, is not sufficient in law, to establish his freedom, &c., which the court refused, but instructed the jury, that if the plaintiff worked in Ohio, by consent of his former owner, that he did thereby become free, &c.

The jury returned a verdict, " that the plaintiff was a free man."   Judgment was rendered in conformity to the verdict, from which the defendants appealed.

*Saunders,* for the plaintiff.

*Turner, contra.*

*Martin, J.,* delivered the opinion of the court.

The defendants are appellants from a judgment, which declares the plaintiff entitled to his freedom. It is in proof that he was born a slave, but he claims his freedom by emancipation, resulting from a residence of two or three years in the state of Ohio, the constitution of which, declares that there shall be no slavery or involuntary servitude within that state. The plaintiff obtained the verdict of a jury.   There does not appear to be any thing in the record to induce the belief that the jury erred.   This court is of opinion the verdict is correct.

But the counsel for the defendants has drawn the attention of the court to a bill of exceptions taken to the refusal of the judge to charge the jury, that proof of the residence of the plaintiff in the state of Ohio, during the space of two or three years, unconnected with any other proof, was insufficient in law, to establish his freedom.   And, further, that a person held as a slave, in a slave-holding state, does not become free by residing a short time in a free state, unless his owner resides there as a citizen of that state, and carries along with him such slave; that in this case, unless the jury believed that the former owners actually resided in Ohio as a citizen, having taken the plaintiff with him as his slave, they ought not to find a verdict in favor of the latter, declaring him free,

<div style="text-align: right">

WESTERN DIST.
*August,* 1834.

LOUIS, f. m. c.
*vs.*
CABARRUS ET ALS

Proof of the residence of a slave in a free state, the constitution of which forbids slavery, during the space of two or three years, unconnected with any other proof, is insufficient in law to entitle such slave to his freedom.

The court charged the jury, that if the plaintiff resided in the state of Ohio, by the consent of his master, he did thereby become a *freeman;* that the consent of the owner, that the slave should go into the state of Ohio and perform labor, was sufficient to entitle him to his freedom.

It appears to this court, that the judge *a quo,* ought to have charged the jury in the manner required in the first part or branch of the request of the defendant's counsel. The residence of a slave in the state of Ohio, contrary to the will, or without the knowledge of his master or owner, does not deprive the latter of the right to his property.

The latter part of the judge's charge to the jury, is too loosely expressed, and indefinitely stated, to justify a finding thereon.

The consent of the master, that the slave should go and perform work and labor in Ohio, does not, of itself, free the slave, though this may be effected by the slave's going there under this permission.

All parties have a right to a trial by jury, aided by any *legal* opinion of the court which they may request, and uninfluenced by any improper charge of the judge.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; the verdict set aside, and the cause remanded with directions to the judge *a quo,* to charge the jury that proof of a slave's having resided in the state of Ohio, or any free state during the period of two or three years, unconnected with any other proof, does not authorise or entitle him to his freedom; and to abstain from charging or stating to the jury, that the permission given by the master to his slave, to go and labor in the state of Ohio, had the effect to emancipate him. The costs of the appellate court to be paid by the plaintiff and appellee.